UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENFIELD INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| - against - | : |
| | : |
| DEREK TALBOTT, et al., | : |
| | : |
| Defendants. | : |

MEMORANDUM
OPINION & ORDER

06 Civ. 10181 (DAB) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

In a letter to District Judge Deborah A. Batts, plaintiff, Benfield, Inc., ("Benfield"),
requested a conference to resolve several discovery disputes that had arisen between Benfield and
defendants, Derek Talbott, Alexander Garner, Elliott Richardson, Aon Re Inc., Aon Specialty Re
Inc., and John Does No. 1-25 ("Talbott").  Judge Batts referred the request to the undersigned.
This Court held a telephone conference with the parties on December 12, 2006, and both sides
provided written submissions.  For the reasons which follow, Benfield's requests are
**GRANTED**, in part, and **DENIED**, in part.

## II.  BACKGROUND

Benfield filed an application for expedited discovery, which was granted by Judge Batts
on November 1, 2006.  Following the granting of this application, a discovery deadline was set
for December 15, 2006.  By letter dated December 12, 2006 ("12/12 Letter"), Benfield sought the
Court's assistance in resolving the disputes at issue here.  The specific matters raised by Benfield
were: (1) Talbott's refusal to produce Elliot Richardson ("Richardson") for deposition; (2)

Talbott's refusal to produce Dennis Mahoney ("Mahoney") and Toby Sisson ("Sisson") for deposition; (3) Talbott's refusal to produce Michael O'Halleran ("O'Halleran") for deposition prior to January 12, 2007; (4) Talbott's refusal to produce Gregory Case ("Case") for deposition; and, (5) Talbott's designation as confidential the deposition transcripts of William Kasbeer, Derek Talbott, and Alexander Garner.

## III. DISCUSSION

### A. Production of Richardson for Deposition

Benfield asks this Court to order Talbott to produce Richardson for deposition. Talbott objects on several grounds. First, Talbott claims that there is no longer a basis for expedited discovery, and, therefore, no need for an immediate deposition of Richardson. Second, Talbott asserts that Richardson is "entitled to a meaningful opportunity to move to stay or dismiss the instant action" before being deposed. *See* Letter from Stanley McDermott III to Court ("12/14 Letter"), at 4. Third, Talbott argues that there is a possibility of staying the proceedings against Richardson in the United States pending the resolution of the claims pending in the United Kingdom. **Id**. at 3-4.

On November 29, 2006, Judge Batts designated Richardson a "defendant in this case for all intents and purposes until proven otherwise." 12/12 Letter, Exh. 4. Since Richardson is designated as a party, Benfield has the right to depose him without leave of the Court, and secure his presence by notice. FED. R CIV. P. 30(1). Under Judge Batts's order of expedited discovery, Talbott could have been obligated to produce Richardson for immediate deposition by Benfield. Even in the absence of an expedited discovery order, a party is subject to discovery. None of Talbott's remaining arguments are persuasive in light of what is required by the Federal Rules of

Civil Procedure.  Benfield's request is **GRANTED**, and Talbott is ordered to produce Richardson for deposition by **January 17, 2007**.

**B.     Production of Mahoney and Sisson for Deposition**

Benfield challenges Talbott's refusal to produce Mahoney and Sisson for deposition, and requests that this Court order their production.  While Mahoney and Sisson are not parties to the action, Benfield claims that they are subject to the expedited discovery obligations because they are "'managing agents' of the defendant Aon Re entities."  12/12 Letter, at 4-5.  Talbott asserts that neither Mahoney nor Sisson is a managing agent or employee of the U.S. defendants.  12/14 Letter at 5.  Talbott's statement that these individuals are not employees of any of the defendant entities is supported by Benfield's statement that Mahoney is employed by Aon Re Global and Sisson is employed by Aon reinsurance brokerage operations.  12/12 Letter, at 4 n.3.  The evidence on their status as managing agents is less clear.

In determining whether a person qualifies as a corporation's managing agent, a court typically considers five factors:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

**Campinas Foundation v. Simoni**, 2005 WL 1006511 (S.D.N.Y. Apr. 27, 2005)

(*quoting* **United States v. Abram Lines (USA), Ltd.**, 159 F.R.D. 408, 413 (S.D.N.Y 1994)).

This Court has reviewed the materials submitted by Benfield in support of its argument that Mahoney and Sisson were "managing agents" under this standard.  While Benfield offers evidence that Mahoney and Sisson were involved in the underlying actions of this litigation, the evidence submitted fails to meet the standard articulated above.  Specifically, this Court is not convinced that Mahoney and Sisson are invested with "general powers" allowing them to "exercise judgment and discretion in corporate matters," or if there is anyone employed by the defendant entities "in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination."  **Id**.  Therefore, Benfield's request that this Court order Talbott to produce Mahoney and Sisson for deposition is **DENIED**, without prejudice, and subject to the submission of other relevant evidence on this issue.

**C.      Production of O'Halleran for Deposition**

In response to Benfield's request for a Rule 30(b)(6) witness for defendant Aeon Re Inc., Talbott designated O'Halleran, and proposed a deposition date of January 12, 2007.  Benfield objects to this date, claiming it is "unacceptable" in light of the expedited discovery order.  ***See*** 12/12 Letter, at 5.  While it is true that the original discovery deadline was December 15, 2006, both the parties and Judge Batts have indicated that this deadline will necessarily need to be extended.  12/14 Letter, Exh. 1 at 14.  Benfield has not alleged any specific prejudice that would result from the O'Halleran deposition going forward on January 12, 2007, as opposed to an earlier date.  Given that the discovery deadline has already passed, the conflicts inherent  in this time of year, and the failure to articulate any specific prejudice, this Court finds that a deposition date of January 12, 2007, is acceptable.  Therefore, Benfield's request for an earlier deposition

date is **DENIED**, and Talbott is ordered to produce O'Halleran for deposition by **January 12, 2007**.

**D.     Production of Case for Deposition**

Case is the Chief Executive Officer of AON Corporation, the parent company of defendant entities.  Benfield claims that Talbott has refused to produce Case for deposition, and asks that this Court order Case's production.  12/12 Letter, at 5.  Talbott objects on two grounds. First, Talbott asserts that Case is not subject to deposition by notice, but rather must be deposed by subpoena or agreement.  12/14 Letter, at 6.  Second, Talbott argues that there is "no proper basis" to depose Case, and that such a deposition would be a "burden."  **Id**.  In support of the second argument, Talbott states that, "[Courts are wary of allowing parties to seek an advantage by harassing senior executive by compelling depositions that are not truly necessary."  This Court agrees with Talbott's first argument, and finds that Case is subject to deposition only by subpoena or agreement.  However, this Court also finds that Benfield has demonstrated that deposing Case could lead to relevant information, and, thus, such a deposition is permitted under Rule 26(b).  Therefore, Benfield's request that this Court order Talbott to produce Case for deposition is **DENIED**, but Benfield may depose Case as a relevant non-party witness pursuant to the Federal Rules of Civil Procedure.

**E.     Designation of Deposition Transcripts as Confidential**

Benfield objects to Talbott's designation of the deposition transcripts as confidential, and requests this Court find that no good faith basis existed for the confidential designation.  12/12 Letter, at 5-6.  Talbott argues that the deposition transcripts should be deemed confidential because "the New York litigation should not be used as a means of discovery for the London

5

litigation." 12/14 Letter, at 6.  Talbott asserts that the Stipulation and Protective Order Concerning Confidential Information ("Protective Order") permits the confidential designation for information "subject to abuse if widely disseminated or used for purposes other than this Litigation." **Id**. at 6.

This Court finds Talbott's arguments unpersuasive.  The Protective Order states that "commercial, financial, trade secret, or business information that is subject to abuse if widely disseminated or used for purposes other than this Litigation" may be designated as confidential. *See* 12/14 Letter, Exh. 7.  This designation can only be made if there is a good faith belief that the "materials contain confidential commercially sensitive information." **Id**.  Thus, the only information subject to protection is commercially sensitive information, which Talbott has not alleged exists in the deposition transcripts.  Instead, Talbott argues that any information subject to abuse or used for purposes outside the present litigation can be designated as confidential, and asserts that Benfield is attempting to avoid discovery limitations in the United Kingdom or obtain multiple opportunities for cross examination.  *See* **Id**., at 6.  This Court finds that argument is not supported by the text of the Protective Order, and that, since Talbott has not alleged that the information in the deposition transcripts is commercially sensitive, no good faith basis exists for designating the deposition transcripts as confidential.  Therefore, Benfield's request is **GRANTED**, and Talbott is ordered to withdraw its designation of the deposition transcripts as confidential.

## IV.  CONCLUSION

For the foregoing reasons, Benfield's requests that Richardson be produced for deposition and the designation of the deposition transcripts as confidential be withdrawn are **GRANTED**,

Benfield's requests that Case be produced and O'Halleran's deposition scheduled earlier than

January 12, 2007, are **DENIED**, and Benfield's request that the Court order the production of

Mahoney and Sisson is **DENIED**, without prejudice.

**SO ORDERED this 22nd day of December 2006**
**New York, New York**

_Ronald Ellis_

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

7